IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **AARON BERKOWITZ** and **BLAKLEY ADAMS,** Individually, and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>-against-<br><br>**FARMERS GROUP, INC.,**<br><br>    Defendant. | Civil Action No.: 3:14-CV-00091<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiffs, **AARON BERKOWITZ** and **BLAKLEY ADAMS**, individually and on behalf of all others similarly situated, by and through his attorneys, JTB LAW GROUP, L.L.C. and BRANHAM LAW, L.L.P., as and for their Class Action Complaint, alleges of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Defendant engaged in a marketing campaign that included the transmission of unauthorized advertisements, in the form of "text message" calls, to the cellular telephones of Plaintiffs and other consumers throughout the nation.

2. By effectuating these unauthorized text messages (hereinafter, "wireless spam" or "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers actually had to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiffs, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*("TCPA") which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiffs seek an injunction, requiring Defendant to cease all wireless spam activities, and an award of statutory damages to the class, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the TCPA, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

7. At all relevant times herein, Plaintiff, **AARON BERKOWITZ,** was and is a resident of the State of Texas and this District.

8. At all relevant times herein, Plaintiff, **BLAKLEY ADAMS,** was and is a resident of the State of Texas and this District.

9. Defendant **FARMERS GROUP, INC.** is a foreign corporation that was and is registered to do business in the State of Texas and this District and was and is actively doing business in the State of Texas and in this District.

## FACTUAL ALLEGATIONS

10. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

11. Defendant, by and through its agents, caused mass transmissions of wireless spam to the cell phones of Plaintiffs and similarly situated individuals.

12. On or about March 12, 2014 Plaintiff, **AARON BERKOWITZ,** received an unsolicited text message from Defendant with the following text: "Aaron, do you want to stay in the insurance industry, but need a change? Become an Agent! Laura Velasco, Farmers Insurance"

13. Plaintiff, **AARON BERKOWITZ,** receive an unsolicited text message from Defendant on his cell phone which is registered on the National Do Not Call list.

14. On or about March 12, 2014 Plaintiff, **BLAKLEY ADAMS,** received an unsolicited text message from Defendant with the following text: "Blakley, do you want to stay in the insurance industry, but need a change? Become an Agent! Laura Velasco, Farmers Insurance"

15. The "from" field of the unsolicited text message to Plaintiff **BLAKLEY ADAMS** was listed as "+1 (281) 751-9980"

16. At no time did Plaintiff **AARON BERKOWITZ** consent to the receipt of such wireless spam text messages from Defendant.

17. At no time did Plaintiff **BLAKLEY ADAMS** consent to the receipt of such wireless spam text messages from Defendant.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

19. Plaintiffs bring this action on behalf of themselves and a Class as defined as follows:

    a. **All persons or entities nationwide who received one or more unauthorized text messages from Farmers Group, Inc. from March 14, 2010 to present.**

20. Upon information and belief, there are over 10,000 members of the Class, such that joinder of all members is impracticable.

21. This litigation is properly brought as a Class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

    a. Whether Defendant's conduct is governed by the TCPA;

    b. Whether the wireless spam that Defendant distributed violates the TCPA; and

    c. Whether the Class members are entitled to treble damages as a result of Defendant's willful conduct.

22. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in Class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

23. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

24. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents TCPA claims of a type that have often been prosecuted on a classwide

basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## FIRST CLAIM FOR RELIEF

### (Violation of the TCPA, 47 U.S.C. § 227 *et seq.*)

25. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

26. Defendant made unsolicited commercial text transmissions to the wireless telephone numbers of Plaintiffs and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. Defendant made unsolicited commercial text transmissions to the wireless telephone numbers of Plaintiffs and the other members of the Class without the prior express consent of Plaintiffs or of the other members of the Class.

28. For the reasons stated herein, Defendant has violated the TCPA, 47 U.S.C. § 227 et seq.

29. As a result of Defendant's violations of the TCPA, Plaintiffs and members of the Class suffered actual damages and are each entitled to statutory damages pursuant to the TCPA.

## JURY DEMAND

30. Plaintiffs hereby demand a jury trial in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's text messaging policy and/or practice alleged herein violates the TCPA and attendant regulations.

B. A judgment and an award of actual and statutory damages;

C. An order for injunctive relief, ordering Defendant to end all of the illegal wireless spam practices alleged herein;

D. An order certifying the Rule 23 Class as defined herein;

E. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

F. An order requiring Defendant, at its own expense, to investigate and provide a full accounting and audit of their unlawful wireless practices alleged herein;

G. An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees, and all costs connected with this action.

H. An incentive award for the lead Plaintiffs;

I. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court;

J. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: March 14, 2014

                                        Respectfully submitted,

                                        BRANHAM LAW, LLP

                                        By:   */s/ Charles W. Branham, III*
                                        Charles W. Branham, III
                                        Texas State Bar No. 24012323
                                        Branham Law, LLP
                                        tbranham@branham-law.com
                                        3900 Elm Street
                                        Dallas, TX 75226
                                        P: (214) 722-5990
                                        F: (214) 722-5991

**JTB LAW GROUP, LLC**

By: *Jason T. Brown*_____
Jason T. Brown (Will seek pro hac vice admission)
jtb@jtblawgroup.com
Gian M. Fanelli (Will seek pro hac vice admission)
gianmfanelli@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
P: (201) 630-0000
F: (855) 582-5297

*Attorneys for Plaintiffs*